UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 16-183 |
| BRANDON SMITH | SECTION "A" |

**ORDER AND REASONS**

Before the Court is a **Motion for Compassionate Release (Rec. Doc. 60)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Brandon Smith. For the following reasons, the motion is denied.

### I. BACKGROUND

On October 13, 2017, Smith pled guilty to one count of conspiracy to possess with the intent to distribute one kilogram or more of heroin (21 U.S.C. § 846) and one count of being a felon in possession of a firearm (18 U.S.C. §§ 922(g)(2) and 924(a)(2)). (Rec. Doc. 42). The Court then sentenced Smith on January 29, 2019 to a term of imprisonment of 139 months to be served concurrently to the 46-month sentence imposed in Docket Number 00-cr-319 "A" (supervised release violation).[1] (Rec. Doc. 57). *Id.* at 2. Smith has served 55 months of his 139-month sentence and is currently being housed at Yazoo City - Low in Yazoo City, Mississippi. (Rec. Doc. 60, Smith's Memorandum in Support).

### II. DISCUSSION

#### A. Exhaustion of Remedies

---

[1] On March 21, 2001, in EDLA Docket Number 00-cr-319 "D", Smith pleaded guilty to conspiracy to possess with the intent to distribute cocaine hydrochloride and cocaine base (Count 1) and distribution of cocaine base (Counts 2 through 7) in violation of 21 U.S.C. §§ 846, 841(a)(1), 846(b)(1)(C), and 841(b)(1)(B)(iii). On July 25, 2001, the Honorable A.J. McNamara sentenced Smith to 188 months imprisonment and a five (5) year term of supervised release. (EDLA, 00-cr-391, Rec. Doc. 207). Defendant was released from custody and commenced his term of supervision on January 24, 2014.

Smith filed his motion for a sentence modification under the First Step Act of 2018. He asks the Court to grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). This statute allows for the modification of a term of imprisonment upon a finding that certain extraordinary and compelling reasons warrant a reduction in an inmate's sentence. As amended by the First Step Act in December of 2018, the compassionate release provision provides that:

> (c) Modification of an Imposed Term of Imprisonment — the court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.][2]

Although sentence reductions under § 3582 historically could be ordered only upon a motion by the Director of the Bureau of Prisons ("BOP"), the First Step Act of 2018 amended the statute to allow prisoners to petition the district courts as set forth above. However, as the statute makes clear, prior to filing motions for release in the district court, a prisoner must first

---

[2] 18 U.S.C. § 3582(c)(1)(A).

exhaust his administrative remedies either by fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release on his behalf, or by filing the motion with the court after a lapse of 30 days from the date of the warden's receipt of his request for release, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-exhaustion provision is set out in mandatory terms—the district court can modify a sentence only after the defendant has exhausted administrative remedies. This mandatory language includes no exceptions, equitable or otherwise.

Here, it is unclear whether Smith has exhausted the administrative requirements for seeking compassionate release. He provided an email suggesting that he submitted a request to the warden. However, BOP has no record of this request. Nonetheless, it is clear from the facts that he is not entitled to a sentence reduction or release from prison.

### B. Extraordinary and Compelling Reasons

28 U.S.C. § 994(t) provides: "[t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Accordingly, the relevant policy statement of the Commission is binding on the Court.[3]

The Sentencing Guidelines policy statement is found in § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1

---

[3] *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the Court).

to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> >
> > > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Additionally, to obtain compassionate release, the defendant has the burden of demonstrating "that he 'is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" *United States v. Reed*, No. CR 15-100, 2020 WL

2850145, at *4 (E.D. La. June 2, 2020) (Fallon, J). "Section 3142(g) requires the court to consider factors such as the nature and circumstances of the charged offense, the history and characteristic of the defendant, and the nature of seriousness of the danger to a person or the community at large posed by the defendant's release." *Id.* (citing 18 U.S.C. § 3142(g)). Generally, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (Dick, J.).

Here, the Court finds that Smith has failed to present evidence of extraordinary and compelling reasons to modify his prison sentence. Smith is a 40-year old male in generally good health. He acknowledges that he does not have a serious medical condition or any chronic ailment. (Rec. Doc. 60, p. 14). The medical records provided by BOP Regional Counsel also do not show any medical conditions that would warrant an extraordinary and compelling reason for release. (Rec. Doc. 62, Government's Opposition, Exhibit 1). *See, e.g., United States v. Wells*, No. CR 17-104, 2021 WL 199386, at *3 (E.D. La. Jan. 20, 2021) (Barbier, J.) ("The only condition allegedly suffered by Defendant that is included on the CDC's list is kidney disease. However, Defendant has merely alleged that he suffers from kidney disease without attaching any supporting evidence of said disease, nor identifying what particular ailment Defendant suffers from. Finally, a review of the 618 pages of medical records provided by the Government did not show any evidence that Defendant suffers from a chronic kidney disease."); *United States v. Henderson*, No. CR 11-271, 2020 WL 2850150, at *3 (E.D. La. June 2, 2020) (Milazzo, J.) ("Defendant does not point to, nor do the medical records provided by the Government reveal, any medical condition that might warrant an extraordinary and compelling reason to grant his release") (footnote omitted); *United States v. Williams*, 2020 WL 4001045, at *2 (E.D. Pa. July 14, 2020) (Bartle, J.) (denied for inmate who presents no health conditions); *United States v. Cato*, 2020 WL 4193055, at *2 (E.D. Pa.

July 21, 2020) (Beetlestone, J.) (same); *United States v. Moore*, 2020 WL 4193012, at *1 (E.D. Pa. July 21, 2020) (Pappert, J.) (same); *United States v. Ramirez-Ortega*, 2020 WL 4805356, at *2 (E.D. Pa. Aug. 18, 2020) (DuBois, J.) (same); *United States v. Coles*, 2020 WL 1899562 (E.D. Mich. Apr. 17, 2020) (Drain, J.) (denied for 28-year-old inmate at institution with outbreak); *United States v. Haney*, 454 F. Supp. 3d 316 (S.D.N.Y. Apr. 13, 2020) (Rakoff, J.) (denied for 61-year-old with no other conditions). Smith does not have a serious medical ailment, has provided effective "self-care" against the virus, and will soon be offered a vaccine.

Furthermore, Smith's medical records indicate that he tested positive for COVID-19 in April 2020, received care, and fully recovered. (Rec. Doc. 62, Exhibit 1, p. 6). As the Fifth Circuit has noted, courts have denied compassionate release to defendants who have successfully recovered from COVID-19, together with other medical considerations. *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (citing *United States v. Gipson*, 829 F. App'x 780, 781 (9th Cir. 2020) (affirming denial of compassionate release for a defendant with preexisting conditions who had already contracted COVID).

Additionally, Smith has failed to demonstrate that he is not a danger to the safety of any other person or to the community. Smith has an extensive criminal history. Smith's adult convictions include possession of crack cocaine, carrying a concealed weapon, and a federal narcotics conviction resulting in a 188-month term of imprisonment. (Rec. Doc. 62, p. 2). Smith's criminal history also includes multiple other arrests for violent offenses, including aggravated assault and conspiracy to commit second degree murder. *Id.* As evidenced by his criminal history and despite being previously incarcerated for 160 months and benefitting from supervision intervention, Smith failed to refrain from committing a similar offense, resulting in his instant incarceration.

Accordingly;

**IT IS ORDERED** that the **Motion for Compassionate Release (Rec. Doc. 60)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Brandon Smith is **DENIED**.

June 2, 2021

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE